UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br>JULIO CESAR PACHECO-AYON,<br><br>　　　　　　Defendant. | Case No. 3:18-cr-00062-HDM-CLB<br><br>ORDER |

　　　The defendant, Julio Cesar Pacheco-Ayon, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (ECF No. 33). On July 30, 2024, the Federal Public Defender filed a "Notice of Non-Eligibility" pursuant to Second Amended General Order 2023-09, indicating that Pacheco-Ayon is not entitled to a sentence modification under Amendment 821. (ECF No. 37). The court agrees.

　　　Section 3582(c)(2) allows the court to modify a term of imprisonment for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" a retroactive amendment to the Sentencing Guidelines. *See id.*; U.S.S.G. § 1B1.10(a)(1)-(2). Amendment 821 amended the sentencing guidelines in two ways that have been given retroactive effect. First, U.S.S.G. § 4A1.1 was amended to reduce or eliminate the number of criminal history points counted when an offender commits the instant offense while under a criminal justice sentence, otherwise referred to as "status points." Second, Amendment 821 created a new guideline provision - § 4C1.1 – which provides for a reduction

1

in offense level for certain offenders with zero criminal history points. Pacheco-Ayon neither received any "status points" nor was a zero-point offender. Accordingly, Amendment 821 had no effect on his guideline range, and he is not therefore eligible for relief under § 3582(c)(2). The motion for sentence reduction (ECF No. 33) must be, and hereby is, DENIED.

IT IS SO ORDERED.

DATED: This 21st day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE